[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION ON MOTION TO MODIFY #156
The plaintiff has filed this Motion to Modify Child Support, claiming that the parties' biological child Adam had moved to his residence and that another of their children, an adopted daughter, Victoria, has been placed in a long-term residential program for medical and neurological needs. He also claims a third child, James has emancipated.
The parties to this action, who were married in 1971 and divorced in 1996, were, at the time of the dissolution, parents of two minor biological children and seven adopted children, several of whom had apparently been suffering from serious disabilities. The current orders in place are $182.00 per week for the children Adam, Kari, James and Victoria.
At the time of the hearing on this motion, the only children under the age of 18 were Adam, and Victoria, who is in the long-term placement. The CT Page 15231 child James, who, attained the age of 18 in April, 2001, remains at home with the defendant mother. This child is blind, deaf and retarded but is cared for by the defendant without financial assistance from the state.
It is important to note that the plaintiff father had previously agreed and was ordered to pay child support on October 10, 2000 for four children; namely, Adam, Kari, James and Victoria. The order for support was to remain in effect until June, 2003, when both Adam and Kari were to graduate from high school, at which time the order of support was to have been reviewed.
The parties' minor child Adam, who was residing with the respondent father when the present motion was filed, has since returned to the petitioner's home.
The respondent's claim with regard to this obligation for child support is that he should not be liable for support for either Victoria or James, citing Victoria's long term placement and James' emancipation.
Victoria has been placed in a long-term residential program for which neither parent has any financial obligation. Apparently, all of her needs are met by the facility. The length of her stay is undetermined but it appears that she will remain a patient at the program for the foreseeable future. The testimony of the parties did not reveal any specific expenditures that the parents were required to incur as a result of her placement. Therefore, the court finds that the respondent should not be responsible for child support for this child at this time.
The parties' child, James, as previously noted, has reached the age of 18, but is severely disabled and lives at home with his mother. She claims that although this child has reached the age of majority, she is still entitled to support because of his special needs.
With regard to a child with special needs, specifically physical and/or mental disability or mental retardation, Connecticut General Statutes Sec. 46b-84 (c) provides as follows:
 The court may make appropriate orders of support of any child with mental retardation, as defined in section 1-1g, or a mental disability or physical disability, as defined in subdivision (15) of section 46a-51, who resides with a parent and is principally dependent upon such parent for maintenance until such child attains the age of twenty-one. . . . The provisions of this subsection shall apply only in cases where the decree of dissolution of marriage, CT Page 15232 legal separation or annulment is entered on or after October 1, 1997, . . .
The parties' dissolution of marriage occurred on January 18, 1996, and therefore this section does not apply to the case in question.
Nevertheless, the defendant mother claims that because James' needs are so great and she must maintain him at home, the plaintiff father should continue to provide support for this child.
Under the child support guidelines, this adult child does not legally qualify as one to whom child support is owed by his father. In order for the petitioner to prevail in her claim for child support, she must successfully show that a deviation from the presumptive child support order is warranted.
A review of Sec. 46b-215a-3 (b) of the Child Support Guidelines Deviation Criteria Regulations reveals that Sections 1-5 of that section do not provide a basis for deviation from the presumptive child support amount, which in this case, would be $142.00 per week for the two children Kari and Adam.
Rather, Section (6) provides that "there may be special circumstances not otherwise addressed in this section in which deviation from presumptive support amounts may be warranted for reasons of equity. Following ate such circumstances: (B) Best interests of the child. (C) Other equitable factors."
The parties' adult child, James, continues to reside in the mother's home with his siblings. It is obvious and undisputed that his needs have been, are, and will continue, to be extraordinary. These needs and their attendant expenses, seriously impact on the children under this order. These children would benefit from additional resources that understandably and by necessity are diverted to their brother. It would be in their best interests to have additional funds to assure that their needs are met as well. Additionally, although not a qualified child under the Child Support Guidelines, this child James is a dependent of his mother. Moreover, his needs were more than likely anticipated when this child was adopted by these parties. In fact, several of the parties' adoptive children suffer from disabilities that clearly were taken into consideration at the time of adoption. It would be inequitable to strip the mother of the means to carry out the obligations that both parties agreed to meet.
The court, therefore, finds that the circumstances as described above, warrant deviation from the presumptive guideline amount, under both CT Page 15233 subsections (B) and (C).
 ORDER
The court, after reviewing all of the evidence and relevant Child Support Guidelines Deviation Criteria, makes the following findings and orders:
The Child Support Guidelines for the two minor children Kari and Adam call for, with the parties' respective incomes of $409.00 net per week for the mother and $469.00 for the father, an order of $141.00 current support per week for these two children, along with $28.00 per week on any existing arrearage. The file does not reflect, nor was there any testimony with regard to, any arrearage owed, so the court will not order this amount. The court finds, however, for the reasons stated above, that the presumptive current support amount would be inequitable in this case, and the court will deviate for those reasons stated, and order an amount of $182.00, which is the same order currently in place. As previously ordered, the child support order remains in effect until June, 2003, when the children graduate from high school. Since the order has not changed, the effective date is immaterial for purposes of payment. All other orders remain in effect.
M. Christine Burt Family Support Magistrate